# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6095 | **DATE** | 9/17/12 |
| **CASE TITLE** | Monzura Porche (#2012-0622118) vs. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted his properly completed and certified motion to proceed *in forma pauperis* [7] as ordered. The motion is granted and the initial partial filing fee is waived. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608 to facilitate compliance with the order. Plaintiff has also submitted correspondence to the Court [5 & 6] that the Court construes as a response to the order to show cause entered by the Court on 8/14/2012. Plaintiff has not satisfied the order to show cause because he has failed to address the question of whether he exhausted administrative remedies prior to filing suit as required pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. § 1997(e). Therefore, as Plaintiff's claim involves an alleged violation on July 23, 2012, and he filed suit on July 27, 2012, the Court finds that he has failed to exhaust his administrative remedies prior to filing suit. This case is dismissed on the Court's docket. Dismissal is without prejudice to Plaintiff refiling suit, should he choose to, once he has completed the grievance process, including any and all appeals available to him.

■ [For further details see text below.]                    Docketing to mail notices.

## STATEMENT

  Plaintiff was ordered on August 14, 2012, to submit a properly completed and certified motion to proceed *in forma pauperis*, and to respond to an order to show cause as to why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e(a). Plaintiff has responded, submitting the properly completed and certified motion to proceed *in forma pauperis*, and by correspondence, in which he again describes the alleged violations that constitute his claim.

  According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at the Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

  The Court also ordered Plaintiff to respond to an order to show cause as to why this case should not be dismissed for failure to exhaust administrative remedies prior to filing suit. Plaintiff's two letters [5 & 6] failed to address the issue of exhaustion, and instead reiterated Plaintiff's claim. Even if Plaintiff could state a claim,
**(CONTINUED)**

                                               AWL

| STATEMENT |
|---|

the law is clear: Plaintiff must exhaust all available administrative remedies prior to filing suit. See *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). The Prisoner Litigation Reform Act mandates that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); see also *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001). Although non-exhaustion is generally an affirmative defense, dismissal on the pleadings is proper where they establish a failure to exhaust administrative remedies. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); see also *Booth v. Churner,* 532 U.S. 731 (2001).

In his complaint, Plaintiff alleges that he was given inadequate medical care for a spider bite on July 23, 2012. He filed suit on July 27, 2012. The Court takes judicial notice of the report submitted to the Court in *Duran v. Sheahan*, 74 C 2949 (N.D. Ill.), indicating that there is a grievance policy at the Cook County Jail and Plaintiff received it in his inmate handbook. As there was a policy in place and Plaintiff waited only four days between the alleged inadequate medical care and the day he filed suit, the Court finds that he could not have exhausted his administrative remedies prior to filing suit. It appears possible from Plaintiff's correspondence that he may be alleging an emergency medical situation that somehow excuses the exhaustion requirement. However, "Illinois has created an emergency grievance procedure – and expedited process for prisoners . . . who claim to be in urgent need of medical attention" and the Seventh Circuit has held that such situations involving allegations of imminent danger of serious physical harm do not excuse the prisoner from exhausting his administrative remedies prior to filing suit. See *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1175 (7th Cir. 2010) ("But remember that the imminent danger exception does not excuse a prisoner from exhausting remedies tailored to imminent dangers * * * * We are given no reason to think that the prison's grievance procedure would take longer than judicial procedure."). Therefore, this case is dismissed. Dismissal of this case is without prejudice to Plaintiff refiling suit, should he choose to do so, once he has exhausted his administrative remedies.